BAKER, Judge
(concurring):
I concur in the Court’s decision affirming the military judge’s exclusion of the contested time periods from the Rules for Courts-Martial (R.C.M.) 707 accountability clock. I write separately, however, to emphasize two points regarding decisions to grant delay. First, although the lead opinion makes reference to reasonable pretrial delays, other text suggests that the mere act by a proper authority of granting a delay alone determines excludability under R.C.M. 707(c). In my view, the decision to grant must be reasonable based on the reasons, facts or circumstances presented. Otherwise, such a grant would constitute an abuse of discretion. This view finds support in the analysis in the Manual for Courts-Martial, United States (2002 ed.) (MCM) contained in the non-binding discussion accompanying R.C.M. 707(c) stating that “Military judges and convening authorities are required, under this subsection, to make an independent determination as to whether there is in fact good cause for a pretrial delay, and to grant such delays for only so long as is necessary under the circumstances.” MCM, Analysis of the Rules for Courts-Martial A21-42 (emphasis added). This view may be implicit in the lead opinion’s conclusion that the granting authority’s decision is subject to review for an abuse of discretion. In the past we have stated, at least with respect to a military judge, that an abuse of discretion occurs when the “application of the correct legal principles to the facts of a particular case is clearly unreasonable.” United States v. Meghdadi, 60 M.J. 438, 441 (C.A.A.F.2005)(emphasis added). However, if indeed the granting authority’s decision must be “reasonable,” we should clearly and expressly state so.
Second, the language in the lead opinion quoting the discussion to R.C.M. 707(c)(1) could lead one to assume that the reasonableness requirement pertains only to the length of the delay granted. See MCM, Analysis of the Rules for Courts-Martial A21-42 (“Decisions granting or denying pretrial delays will be subject to review for both abuse of discretion and the reasonableness of the period of delay granted.”). Under the rule, a convening authority or a military judge could grant a delay but at the same time indicate that it not be excluded from the R.C.M. 707 calculus. I recognize that the instances in which this might occur are rare; however, consider the following hypothetical: the defense expressly and timely requests witnesses for an investigation pursuant to Article 32, Uniform Code of Military Justice, 10 U.S.C. § 832 (2000), and the Government through either misconduct or even gross negligence permits those witnesses to go on leave. The granting authority might determine that the witnesses are necessary and therefore authorize a delay in the proceedings. It does not follow, and the rule does not require, that this delay be automatically excluded from the R.C.M. 707 clock. To the contrary, the granting authority may intend that the delay be included within the Government’s R.C.M. 707 accountability.
With these understandings, I concur. In this case, the investigating officer granted the delay, and the military judge did not abuse his discretion in subsequently determining that the granted delays were reasonable and therefore excludable.